UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES SVENONIOUS                                                                    PLAINTIFF

v.                                                              CIVIL ACTION NO. 3:08CV-427-S

HUMANA HEALTH PLAN, INC., et al.                                          DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motions of the defendants, Humana Health Plan, Inc., Humana Insurance Company, and United States Office of personnel Management, to dismiss the action (DNs 24, 47, 48).[1]

James Svenonious, is a United States postal worker who participates in the Federal Employees Health Benefit Plan ("FEHP"). He seeks health insurance benefits in the amount of $546.48 which represents a portion of the charge for ambulance services he incurred in December of 2006, attorney fees and costs. He contends that the full cost of the ambulance service should have been paid by Humana health Plan, Inc., under its contract with the United States Office of Personnel Management ("OPM"). Svenonious contends that he took steps to attempt to appeal the initial denial of benefits prior to filing this suit, that further steps would be futile, and therefore the court should find that he had exhausted his administrative remedies and deny the motion to dismiss.

OPM seeks dismissal of the suit and remand of the matter to OPM for review of the denial of benefits. In support of its motion, OPM submitted the affidavit of William T. Stuart, Chief of Health Insurance Group 3, Insurance Services Programs, with OPM. Svenonious contends that the affidavit should not be considered. However, the only matters in this document which the court

---

[1] The unopposed motion of the defendant, United States Office of Personnel Management, for extension of time of seven days within which to file an answer or otherwise respond to the complaint (DN 47) will be granted.

finds pertinent to the decision are undisputed. The first is that there is an exhaustion procedure established by regulation which must be followed by plan participants. *See,* 5 U.S.C. § 8902(j). Second, it is undisputed that OPM has not considered Svenonious' claim. Finally, OPM has represented that "[g]iven the circumstances alleged in the plaintiff's Compliant [sic], if the disputed claim is remanded to OPM, OPM will not consider the request for administrative review of the plaintiff's claim to be untimely." Stuart Aff., ¶ 11.

The complaint states at paragraph 38 that "[o]n or around January 29, 2008, Plaintiff filed an appeal with the OPM, asking for a review of his appeal to the carrier of its decision not to cover his ambulance charges..." He attaches a copy of a letter dated January 24, 2008, but does not include any evidence of nor does he allege anything about the manner in which this appeal was "filed." He states in his brief in opposition to OPM's motion that "...it is natural that Plaintiff, who is a US Postal Service Worker, would select U.S. Mail as the means of delivering his appeal." Svenonious Brief in Opp., p. 2. However natural this might be, there is no documented evidence nor sworn statement that, indeed, the letter was placed in the United States mail. OPM having indicated that it has no record of receiving the appeal, it is a certainty that OPM has not reviewed the claim, for whatever reason, be it lack or receipt or error on the part of OPM.

In any event, there was no intention in promulgating the regulations that this court would be a forum of first resort for denial of benefit claims. As OPM has removed the futility argument by agreeing to consider the claim on remand as having been timely filed, we see no obstacle to achieving exhaustion of remedies prior to any judicial review. The motion to dismiss will be granted and the matter will be remanded to OPM for review of Svenonious' claim.

The Humana defendants have sought dismissal of the complaint as to them on the ground that they are not a proper party to the action. As set forth in 5 C.F.R. § 890.107(c), "A legal action to review final action by OPM involving such denial of health benefits must be brought against OPM and not against the carrier or the carrier's subcontractors." The complaint herein is premature,

as the court has already determined that remand of the claim for review by the OPM must be ordered.  However, the regulation makes clear that the Humana defendants are not proper parties in an action challenging the denial of Svenonious' claim for benefits.  Therefore, the Humana defendants are also entitled to dismissal of the complaint as to them.

A separate order will be entered herein this date in accordance with this opinion.

**IT IS SO ORDERED.**